UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

| | |
|---|---|
| VICTORIA ZLOTY,<br><br>  Plaintiff,<br><br>v.<br><br>DRIVEWAY FINANCE CORP., CITIZENS FINANCIAL GROUP INC., SANTANDER CONSUMER USA INC., and TD AUTO FINANCE a division of TD BANK NA,<br><br>  Defendants. | CASE NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FCRA, 15 U.S.C. §1681 *et seq.* |

Plaintiff Victoria Zloty ("Plaintiff"), by and through her undersigned attorneys, alleges the following against Defendants DRIVEWAY FINANCE CORP. ("Driveway"), CITIZENS FINANCIAL GROUP INC. ("Citizens"), SANTANDER CONSUMER USA INC. ("Santander") and TD AUTO FINANCE a division of TD BANK NA ("TD Bank"):

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2. Plaintiff is the victim of what is now a common crime—identity theft. A fraudster used Plaintiff's personal information to obtain auto loan accounts with Driveway, Citizens, Santander and TD Bank without Plaintiff's knowledge or consent.

3. Plaintiff has asserted the factual truth—the accounts did not belong to her, and she did not authorize them. Yet Driveway, Citizens, Santander and TD Bank continued to press on.

4. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

5. The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION & VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

7. Venue is also proper in this district because Plaintiff lives in this District, and Defendants conduct business in this District.

8. Defendants transact business in the State of Florida. Defendants are registered to conduct business and have appointed registered agents in the State of Florida.

## PARTIES

9. Plaintiff Victoria Zloty is a natural person residing in Lee County, Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Defendant DRIVEWAY FINANCE CORP. is a foreign profit corporation and authorized to do business in the State of Florida through its registered offices at the NRAI Services Inc., 1200 South Pine Island Road, Plantation, FL 33324.

11. At all times relevant hereto, Driveway in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and

is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

12. Driveway is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

13. Defendant CITIZENS FINANCIAL GROUP INC. is a foreign business corporation headquartered in Rhode Island and authorized to do business in the State of Florida.

14. At all times relevant hereto, Citizens in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

15. Citizens is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

16. Defendant SANTANDER CONSUMER USA INC. is a foreign profit corporation and authorized to do business in the State of Florida through its registered offices at the CT Corporation System Inc., 1200 South Pine Island Road, Plantation, FL 33324.

17. At all times relevant hereto, Santander in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

18. Santander is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

19. Defendant TD AUTO FINANCE, a division of TD BANK, NA is a foreign business corporation and authorized to do business in the State of Florida through its registered offices at the United States Corporation Company, 1201 Hays Street, Tallahassee, FL 32301.

20. At all times relevant hereto, TD Bank in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

21. TD Bank is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

22. Defendants acted through their agents, employees, officers, members, directors, heirs, predecessors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**GENERAL FACTUAL ALLEGATIONS**

23. Sometime in or around 2023, Plaintiff discovered that she was the victim of what is now a common crime—identity theft. A fraudster used Plaintiff's personal information to open accounts with Driveway, Citizens, Santander and TD Bank without Plaintiff's knowledge or consent.

24. Plaintiff has never applied for automobile loans with Driveway, Citizens, Santander and TD Bank or never authorized or signed applications for automobile loans.

25. Any signatures on such documents are not those of Plaintiff, and Plaintiff did not authorize anyone to sign on her behalf.

26. Upon discovering the fraudulent debts, Plaintiff immediately disputed the debts with the actual account holders, to no avail.

27. Plaintiff then pulled her Experian, Equifax and Trans Union consumer reports and disputed the debts with the credit reporting bureaus.

### *Disputes With Driveway*

28. A check of her consumer files maintained by Experian, Equifax and Trans Union revealed that Driveway was furnishing information about an account to Experian, Equifax and Trans Union, as belonging to the Plaintiff.

29. The information furnished by Driveway to Experian, Equifax and Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

30. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Driveway on her credit file.

31. On or about a date better known to Experian and Driveway, Experian furnished Plaintiff's dispute to Driveway via e-Oscar.

32. Driveway failed to reasonably reinvestigate Plaintiff's dispute that Driveway received from Experian in violation of the FCRA.

33. At the date of this filing, Driveway has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

34. On or about On or about April 10, 2023 and May 30, 2023 to Equifax, requesting that Equifax, verify and correct the inaccurate, erroneous and unverified representations made by Driveway on her credit file.

35. On or about a date better known to Equifax and Driveway, Equifax furnished Plaintiff's disputes to Driveway via e-Oscar.

36. Driveway failed to reasonably reinvestigate Plaintiff's disputes that Driveway received from Equifax in violation of the FCRA.

37. At the date of this filing, Driveway has failed to reasonably reinvestigate into Plaintiff's disputes and has failed to accurately correct and update or delete Plaintiff's information.

38. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Driveway on her credit file.

39. On or about a date better known to Trans Union and Driveway, Trans Union furnished Plaintiff's dispute to Driveway via e-Oscar.

40. Driveway failed to reasonably reinvestigate Plaintiff's dispute that Driveway received from Trans Union in violation of the FCRA.

41. At the date of this filing, Driveway has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

### Disputes With Citizens

42. A check of her consumer files maintained by Experian, Equifax and Trans Union revealed that Citizens was furnishing information about an account to Experian, Equifax and Trans Union, as belonging to the Plaintiff.

43. The information furnished by Citizens to Experian, Equifax and Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

44. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Citizens on her credit file.

45. On or about a date better known to Experian and Driveway, Experian furnished Plaintiff's dispute to Citizens via e-Oscar.

46. Citizens failed to reasonably reinvestigate Plaintiff's dispute that Citizens received from Experian in violation of the FCRA.

47. At the date of this filing, Citizens has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

48. On or about On or about April 10, 2023 and May 30, 2023 to Equifax, requesting that Equifax, verify and correct the inaccurate, erroneous and unverified representations made by Citizens on her credit file.

49. On or about a date better known to Equifax and Driveway, Equifax furnished Plaintiff's disputes to Citizens via e-Oscar.

50. Citizens failed to reasonably reinvestigate Plaintiff's disputes that Citizens received from Equifax in violation of the FCRA.

51. At the date of this filing, Citizens has failed to reasonably reinvestigate into Plaintiff's disputes and has failed to accurately correct and update or delete Plaintiff's information.

52. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Citizens on her credit file.

53. On or about a date better known to Trans Union and Citizens, Trans Union furnished Plaintiff's dispute to Citizens via e-Oscar.

54. Citizens failed to reasonably reinvestigate Plaintiff's dispute that Citizens received from Trans Union in violation of the FCRA.

55. At the date of this filing, Citizens has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

### *Disputes With Santander*

56. A check of her consumer files maintained by Experian, Equifax and Trans Union revealed that Santander was furnishing information about an account to Experian, Equifax and Trans Union, as belonging to the Plaintiff.

57. The information furnished by Santander to Experian, Equifax and Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

58. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Santander on her credit file.

59. On or about a date better known to Experian and Santander, Experian furnished Plaintiff's dispute to Santander via e-Oscar.

60. Santander failed to reasonably reinvestigate Plaintiff's dispute that Santander received from Experian in violation of the FCRA.

61. At the date of this filing, Santander has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

62. On or about On or about April 10, 2023 and May 30, 2023 to Equifax, requesting that Equifax, verify and correct the inaccurate, erroneous and unverified representations made by Santander on her credit file.

63. On or about a date better known to Equifax and Santander, Equifax furnished Plaintiff's disputes to Santander via e-Oscar.

64. Santander failed to reasonably reinvestigate Plaintiff's disputes that Santander received from Equifax in violation of the FCRA.

65. At the date of this filing, Santander has failed to reasonably reinvestigate into Plaintiff's disputes and has failed to accurately correct and update or delete Plaintiff's information.

66. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Santander on her credit file.

67. On or about a date better known to Trans Union and Santander, Trans Union furnished Plaintiff's dispute to Santander via e-Oscar.

68. Santander failed to reasonably reinvestigate Plaintiff's dispute that Santander received from Trans Union in violation of the FCRA.

69. At the date of this filing, Santander has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

## *Disputes With TD Bank*

70. A check of her consumer files maintained by Experian, Equifax and Trans Union revealed that TD Bank was furnishing information about an account to Experian, Equifax and Trans Union, as belonging to the Plaintiff.

71. The information furnished by Santander to Experian, Equifax and Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

72. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by TD Bank on her credit file.

73. On or about a date better known to Experian and TD Bank, Experian furnished Plaintiff's dispute to TD Bank via e-Oscar.

74. TD Bank failed to reasonably reinvestigate Plaintiff's dispute that TD Bank received from Experian in violation of the FCRA.

75. At the date of this filing, TD Bank has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

76. On or about On or about April 10, 2023 and May 30, 2023 to Equifax, requesting that Equifax, verify and correct the inaccurate, erroneous and unverified representations made by TD Bank on her credit file.

77. On or about a date better known to Equifax and TD Bank, Equifax furnished Plaintiff's disputes to TD Bank via e-Oscar.

78. TD Bank failed to reasonably reinvestigate Plaintiff's disputes that TD Bank received from Equifax in violation of the FCRA.

79. At the date of this filing, TD Bank has failed to reasonably reinvestigate into Plaintiff's disputes and has failed to accurately correct and update or delete Plaintiff's information.

80. On or about April 10, 2023 and May 30, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by TD Bank on her credit file.

81. On or about a date better known to Trans Union and TD Bank, Trans Union furnished Plaintiff's dispute to TD Bank via e-Oscar.

82. TD Bank failed to reasonably reinvestigate Plaintiff's dispute that TD Bank received from Trans Union in violation of the FCRA.

83. At the date of this filing, TD Bank has failed to reasonably reinvestigate into Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

## CLAIMS FOR RELIEF

### COUNT 1: Violations of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E) against Defendant Driveway

84. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

85. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

86. It is evident that Defendant Driveway failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said dispute was furnished to Driveway

by Experian, Equifax and Trans Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

87. Additionally, Defendant Driveway violated FCRA § 1681s-2(b)(1)(E).

88. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

89. Defendant Driveway failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Experian, Equifax and Trans Union, prior to the commencement of this action as required by 15 U.S.C. § 1681s-2(b)(1)(E).

90. As a result of the above-described violations to §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental and physical pain.

91. Defendant Driveway's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

92. Defendant Driveway's violative conduct was intentional, willful, and negligent.

93. The violations by Driveway were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Driveway was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

94. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Driveway in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 2: Violations of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E) against Defendant Citizens

95. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

96. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

97. It is evident that Defendant Citizens failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said dispute was furnished to Citizens by Experian, Equifax and Trans Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

98. Additionally, Defendant Citizens violated FCRA § 1681s-2(b)(1)(E).

99. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

100.   Defendant Citizens failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Experian, Equifax and

Trans Union, prior to the commencement of this action as required by 15 U.S.C. § 1681s-2(b)(1)(E).

101. As a result of the above-described violations to §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental and physical pain.

102. Defendant Citizens' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

103. Defendant Citizens' violative conduct was intentional, willful, and negligent.

104. The violations by Citizens were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citizens was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

105. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Citizens in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT 3: Violations of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E) against Defendant Santander**

106. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

107. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

108. It is evident that Defendant Santander failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said dispute was furnished to Santander by Experian, Equifax and Trans Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

109. Additionally, Defendant Santander violated FCRA § 1681s-2(b)(1)(E).

110. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

111. Defendant Santander failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Experian, Equifax and Trans Union, prior to the commencement of this action as required by 15 U.S.C. § 1681s-2(b)(1)(E).

112. As a result of the above-described violations to §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental and physical pain.

113. Defendant Santander's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

114. Defendant Santander's violative conduct was intentional, willful, and negligent.

115. The violations by Santander were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the

alternative, Santander was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

116. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Santander in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 4: Violations of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E) against Defendant TD Bank

117. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

118. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

119. It is evident that Defendant TD Bank failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said dispute was furnished to TD Bank by Experian, Equifax and Trans Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

120. Additionally, Defendant TD Bank violated FCRA § 1681s-2(b)(1)(E).

121. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

122. Defendant TD Bank failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Experian, Equifax and Trans Union, prior to the commencement of this action as required by 15 U.S.C. § 1681s-2(b)(1)(E).

123. As a result of the above-described violations to §1681s-2(b)(1)(A) and §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental and physical pain.

124. Defendant TD Bank's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

125. Defendant TD Bank's violative conduct was intentional, willful, and negligent.

126. The violations by TD Bank were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TD Bank was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

127. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

128. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victoria Zloty respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. §1681n(a);

C. Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);

D. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any relief that this Court deems appropriate.

Dated: March 17, 2025

/s/ Cortney Walters, Esq.
Cortney Walters, Esq
**The Law Office of Cortney E. Walters, PLLC**
2719 Hollywood Blvd., A-1969
Hollywood, FL 33020
Florida Bar No. 125159
Pleadings@cewlawoffice.com
Tel: (954) 874-8022
*Counsel for Plaintiff*